UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFANY R. BYRD** | **CIVIL ACTION** |
| **VERSUS** | **NO.    17-17976** |
| **FREDERICK BOUTTÉ** | **SECTION: "A"(5)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.   Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.   *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Tiffany Byrd, is a convicted inmate currently incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.    On December 6, 2010, Byrd was charged by bill of information with attempted second-degree murder in violation of La. Rev. Stat. §§ 14:27 and 14:30.1.[1]

On April 12, 2011, a jury found Byrd guilty as charged.[2]   On November 18, 2011,

---

[1]  State Rec., Vol. 1 of 7, Bill of Information, 12/6/10.

[2]  State Rec., Vol. 1 of 7, Minute Entry, 4/11/11; Minute Entry, 4/12/11; State Rec., Vol. 3 of 7, Trial

Byrd was sentenced to 17 years at hard labor to be served concurrently with any other sentence.[3]

On direct appeal, Byrd asserted that the evidence was insufficient to support the attempted second-degree murder conviction.[4] On June 5, 2013, the Louisiana Fourth Circuit Court of Appeal affirmed her conviction and sentence.[5]

Byrd filed a writ application with the Louisiana Supreme Court.[6] On January 27, 2014, the Louisiana Supreme Court denied her application for a writ of certiorari.[7] Her conviction and sentence became final on April 28, 2014, when the 90-day period for seeking a writ of certiorari from the United States Supreme Court expired and she failed to apply for relief.[8] *See* U.S. Sup. Ct. R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

---

Transcript, 4/12/11; State Rec., Vol. 4 of 7, Trial Transcript, 4/11-12/11; State Rec., Vol. 5 of 7, Trial Transcript (con't), 4/11-12/11; State Rec., Vol. 2 of 7, Verdict, 4/12/11.

[3] State Rec., Vol. 1 of 7, Minute Entry, 11/18/11; State Rec., Vol. 2 of 7, Sentence to State Institution, 12/1/11; State Rec., Vol. 3 of 7, Sentence of the Court, 11/18/11; St. Rec., Vol. 5 of 7, Sentencing Transcript, 11/18/11.

[4] State Rec., Vol. 5 of 7, Appeal Brief, 2012-KA-0556, 7/19/12.

[5] *State v. Byrd*, No. 2012-KA-0556 (La. App. 4 Cir. 6/5/13), 119 So. 3d 801; State Rec., Vol. 5 of 5.

[6] State Rec., Vol. 7 of 7, Writ Application, 13 KO 1589, 7/8/13 (dated 6/27/13).

[7] *State v. Byrd,* No. 2013-KO-1589 (La. 1/27/14), 130 So. 3d 957; State Rec. Vol. 7 of 7.

[8] The final day of the 90-day period fell on Sunday, April 27, 2014. Therefore, Byrd had until Monday, April 28, 2014 in which to file her petition for writ of certiorari. *See* Rules of the Supreme Court of the United States, Rule 30 ("In the computation of any period of time prescribed or allowed by these Rules, by order of the Court, or by an applicable statute, the day of the act, event, or default from which the designated period begins to run is not included. The last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday listed in 5 U. S. C. §6103, or day on which the Court building is closed by order of the Court or the Chief Justice, in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, federal legal holiday, or day on which the Court building is closed.").

On January 20, 2015, Byrd filed an application for post-conviction relief with the state district court.[9] In that application, she asserted the following six assignments of error:

    (1) ineffective assistance of appellate counsel in failing to raise other issues on appeal;

    (2) ineffective assistance of trial counsel in failing to:

        (a) request the appointment of a sanity commission and raise an insanity defense;

        (b) bargain to have the charge reduced;

        (c) call an expert witness to testify regarding domestic partner abuse;

        (d) present certain evidence at trial, object to comments by the prosecution, and impeach certain witness testimony;

        (e) establish an attorney-client relationship with her, investigate, and develop an effective trial strategy and

        (f) request a *Daubert* hearing;

    (3) that an illegal search and seizure required the gun to be suppressed;

    (4) that insufficient evidence supported her conviction;

    (5) that the State made prejudicial statements during trial which deprived her of a fair trial and

    (6) that the trial court erred in admitting the jail telephone call recordings

---

[9] State Rec., Vol. 1 of 7, Uniform Application for Post-Conviction Relief and Memorandum in Support of Petition. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). The post-conviction application made a part of the state record was signed and dated January 20, 2015.

into evidence.

On August 12, 2015, the state district court denied Byrd's application.[10]

On September 30, 2015, the petitioner filed a timely writ application with the Louisiana Fourth Circuit Court of Appeal.[11] On November 23, 2015, the Fourth Circuit granted review but denied relief, finding the state district court did not abuse its discretion in summarily dismissing Byrd's application for post-conviction relief.[12]

On March 15, 2016, Byrd filed a writ application with the Louisiana Supreme Court.[13] The Louisiana Supreme Court found Byrd failed to show she received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct.2052, 80 L.Ed.2d 674 (1984), her insufficient evidence claim was repetitive under La. Code Crim. P. art. 930.4, and she failed to satisfy her burden of proof as to the remaining claims under La. Code Crim. P. art. 930.2, and adopted the state district court's written reasons denying relief.[14]

On December 27, 2017, Byrd filed the instant application for *habeas corpus* relief.[15] In that application, Byrd claims (1) illegal search and seizure in violation of the Fourth Amendment, (2) violation of due process of law when the trial court allowed a juror who

---

[10] State Rec., Vol. 1 of 7, Judgment, 8/12/15.

[11] State Rec., Vol. 6 of 7, 4th Circuit Writ Application, 2015-K-1275, 9/30/15. Byrd's writ application consists of her application for post conviction relief and supporting memorandum. The application is dated September 30, 2015.

[12] State Rec., Vol. 6 of 7, *State v. Byrd*, 2015-K-1275 (La. App. 4 Cir. 11/23/15) (unpublished).

[13] State Rec., Vol. 7 of 7, Writ Application, 16 KH 574, 3/28/16 (dated 3/15/16) (postmarked 3/18/16).

[14] State Rec., Vol. 7 of 7, *State ex rel. Byrd v. State*, 2016-KH-0574 (La. 8/4/17), 223 So. 3d 1150.

[15] Rec. Doc. 4, Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus*, dated December 20, 2017 (postmarked 12/27/17).

4

knew the victim to wait in the jury room until she was excused and admitted into evidence the jail telephone recordings and (3) ineffective assistance of trial counsel for failing to impeach the victim, question Dr. Meade prior to trial, investigate threatening posts on Facebook, call witnesses to testify about the posts, listen to the jail tapes prior to trial, and investigate unspecified physical evidence.

The State argues that the application should be dismissed as untimely. It alternatively contends that Byrd failed to exhaust her due-process and ineffective-assistance-of-counsel claims and that her Fourth Amendment claim is not cognizable.[16]

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., governs the filing date for this action because Byrd filed her *habeas* petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. § 2244(d) provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[16] Rec. Doc. 8.

5

> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Typically, a petitioner must bring her Section 2254 claims within one year of the date on which her underlying criminal judgment becomes "final." With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," … "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

As previously noted, Byrd's state criminal judgment of conviction became final for AEDPA purposes on April 28, 2014, when her time expired for seeking further direct review by writ of certiorari with the United States Supreme Court. The one-year limitations period would have expired April 28, 2015. However, Byrd did not file the instant federal *habeas* petition with this Court until December 20, 2017. Thus, her application must be dismissed as untimely unless the deadline was extended through tolling.

*A. Statutory Tolling*

The Court finds no basis for statutory tolling in this case. Regarding statutory tolling, the AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings, such as time limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005), citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Williams v. Cain*, 217 F.3d 303, 306-308 & n. 4 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 309 (finding that petitioner's application seeking post-conviction relief in the Louisiana trial court ceased to be "pending" within the meaning of section 2244(d)(2) when he failed timely to file an application for a supervisory writ with the Louisiana Supreme Court).

Byrd's conviction became final on April 28, 2014. She filed her application for post-conviction relief with the state district court on January 20, 2015. At this point, she had only 99 days remaining (266 days elapsed) in the one-year federal limitations period. Her applications remained properly filed and pending with the state courts and her time

7

statutorily tolled until August 4, 2017, when the Louisiana Supreme Court denied her application for supervisory writs. Byrd had only 99 days remaining of the one-year limitations period at this point, or until November 13, 2017, in which to file her federal application.[17] The state-court record confirms she had no state-court applications pending after August 4, 2017. Therefore, the remainder of the federal one-year limitations period began to run again and expired on November 13, 2017. Thus, despite the benefit of statutory tolling, her federal application was untimely filed on December 20, 2017.

*B. Equitable Tolling*

The AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Byrd does not assert, much less prove, that any type of extraordinary circumstance prevented her from filing her federal application timely within the one-year limitations period. In fact, she offers no excuse for her failure to pursue timely habeas relief and the record discloses no basis on which this Court could find that equitable tolling is warranted.

---

[17] The final day of the one-year period fell on Saturday, November 11, 2017. Therefore, Byrd had until Monday, November 13, 2017 in which to file her federal application. *See* Fed. R. Civ. P. 6(a)(1)(C) (when computing time, "include the last day of the period, but if the last day is a Saturday ... the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

It is well-settled that mistake, ignorance of the law, and a prisoner's pro se status do not suffice to justify equitable tolling. *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ( [E]quitable tolling "is not intended for those who sleep on their rights"). Thus, Byrd fails to establish that an extraordinary circumstance existed or that she pursued her rights diligently so as to entitle her to the benefit of equitable tolling.[18]

### C. Other Tolling Relief

Finally, to the extent Byrd may attempt to argue that *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), excuses her untimely federal application, the Court rejects any such argument. *See also Trevino v. Thaler*, 133 S.Ct. 1911 (2013). *In Martinez*, the Supreme Court held that a procedural bar imposed by state courts " 'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the

---

[18] In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass ... [to excuse] the expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *Id*. To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence ... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). On the record presented, Byrd has not made a colorable showing that she is actually innocent in light of "new evidence."

9

[state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino v. Thaler*, 133 S.Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320). Neither decision addresses or provides an excuse for the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). Nor do *Martinez* or *Trevino* constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. *See In re Paredes*, 587 F. Appx. 805, 813 (5th Cir. 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Any such argument under *Martinez* for equitable or statutory relief for her untimely filing under the AEDPA, is simply misplaced.

In sum, Byrd's federal application was filed untimely after the one-year federal limitations period expired. She has not established any basis for statutory or equitable tolling. Therefore, her federal habeas corpus petition should be dismissed with prejudice as untimely.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Byrd's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this   16th   day of _____July_____, 2018.

_____<br>
MICHAEL B. NORTH<br>
**UNITED STATES MAGISTRATE JUDGE**

---

[19]  *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.